**HAWKINS VMR JOINT VENTURE,**
**Plaintiff,**

v.

**ROWBEC; INC., etc., Defendant.**

**No. 93 C 6893.**

United States District Court,
N.D. Illinois, E.D.

Nov. 16, 1993.

Jerry Lambert, Allen Gerrard, Chicago, IL, for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

■ This action has been brought by a plaintiff styling itself as "Hawkins VMR Joint Venture" against Rowbec, Inc., f/k/a American Bridge Company ("Rowbec"), seeking to recover nearly $750,000 for Rowbec's asserted breach of the contract covering the electrical contracting work at the AT & T Corporate Center, 222 West Monroe Street, Chicago. Federal jurisdiction is invoked on diversity-of-citizenship grounds under 28 U.S.C. § 1332(a)(1).[1] Based on its initial review of the Complaint,[2] this Court sua sponte orders Hawkins' counsel to file a prompt amendment to cure the jurisdictional defect identified here.

■ Complaint ¶ 1 says this about Hawkins:

1. That plaintiff is a joint venture composed of individuals, each of whom is domiciled in and a citizen of the State of Illinois and the principal place of the joint venture is Illinois.

But the problem in that respect is that under Fed.R.Civ.P. 17(b) a party's capacity to sue or be sued is determined under the law of the forum state, and Illinois has no provision that permits a joint venture to sue in its fictitious name rather than in the names of the joint venturers themselves.

Just a few words of explanation are in order in that regard. At common law (including the common law of Illinois) no unincorporated association could sue or be sued in its firm name. That principle applied to partnerships as well as to other unincorporated associations (see, e.g., this Court's opinions in *Excalibur Oil, Inc. v. Sullivan*, 659 F.Supp. 1539, 1540–41 n. 1 (N.D.Ill.1987) and *Caliber Partners, Ltd. v. Affeld*, 583 F.Supp. 1308, 1313–14 (N.D.Ill.1984)). That rule has been changed in Illinois by statute as to *partnerships* (see 735 ILCS 5/2–411 and its predecessor Ill.Rev.Stat. ch. 110, ¶ 2–411, which originally changed the rule as to suits *against* partnerships in 1982 and then also changed the rule as to suits *by* partnerships in 1989).

■ But under Illinois law joint ventures are not partnerships—even though they share many partnership attributes (see, e.g., *Groark v. Thorleif Larsen & Son, Inc.*, 231 Ill.App.3d 61, 66, 172 Ill.Dec. 799, 802–803, 596 N.E.2d 78, 81–82 (1st Dist.1992)), in other respects they are different. What controls for present purposes is that they are not wholly synonymous or fungible—that "partnership" describes a particular type of legal entity and "joint venture" describes another. This Court cannot ascribe to the Illinois General Assembly an intention to change the rule of law as to the second type when it has spoken only in terms of the first. Hence the common law rule remains in effect as to joint ventures, and the Complaint is defective both in the procedural sense defined by Rule 17(b) and for failure to set out the facts supporting the existence of diversity.

■ Though the burden of demonstrating the existence of subject matter jurisdiction affirmatively has not been borne by Hawkins, thus calling for dismissal of this action as filed, this Court has no desire to impose on Hawkins the cost of an additional filing fee. Instead its counsel are given leave to file an Amended Complaint in this Court's chambers on or before November 26, 1993 (failing

---

1. Complaint ¶ 4 mistakenly asserts that jurisdiction lies here under 28 U.S.C. § 1391(a), the applicable *venue* statute. Though that citation is obviously in error, it cannot of course affect the existence or nonexistence of jurisdiction.

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

which this Court will of course be constrained to dismiss this action for lack of subject matter jurisdiction).

■ Because the error here was that of counsel rather than their client, however, there is no reason that the client should bear the cost of preparing two versions of the Complaint. Counsel are therefore ordered not to bill the cost of preparation of the original Complaint to their clients, and in that connection they are ordered (1) to deliver a copy of this opinion to their clients and (2) to submit a letter representing to this Court that no such billing will be made.